UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR ADAMSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 16 C 6356 |
| | ) |
| v. | ) Magistrate Judge Sidney Schenkier |
| | ) |
| CANAM STEEL COPORATION, a | ) |
| Delaware Corporation and MERCER | ) |
| TRANSPORTATION CO., INC., an | ) |
| Indiana Corporation | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Arthur Adamson ("Plaintiff" or "Adamson") filed a two-count First Amended Complaint (the "Complaint") asserting a negligence claim against defendant Canam Steel Corporation ("Canam") (Count I) and against defendant Mercer Transportation Co., Inc. ("Mercer") (Count II) (doc. # 15: First Am. Compl.). Mercer answered and filed affirmative defenses (doc. # 16: Mercer Answer and Aff. Def. to First Am. Compl.). Canam has moved to dismiss with prejudice Count I of Adamson's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (doc. # 17: Canam Mot. to Dismiss; doc. # 18: Canam Memo. at 2 and n. 1). The motion to dismiss has now been fully briefed. For the reasons that follow, we deny Canam's motion.

---

[1] On November 22, 2016, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to the Court for all proceedings, including entry of final judgment (doc. # 30).

I.

In ruling on a Rule 12(b)(6) motion to dismiss, we accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *White v. Keely*, 814 F.3d 883, 887-88 (7th Cir. 2016). We summarize the relevant, well-pleaded facts below.

Plaintiff alleges that Canam, the owner and operator of a steel manufacturing plant in Peru, Illinois, entered into a contract with co-defendant Mercer, for Mercer to deliver a load of steel to a Canam customer via a flatbed truck (Compl. ¶¶ 6-7). Mercer hired Adamson, an independent contractor, to drive the flatbed truck (*Id.* ¶8). On October 23, 2015, Mercer directed and instructed Adamson to drive to Canam's plant to pick up a load of sheet metal and galvanized tin to be delivered to a customer in Missouri (*Id.* ¶ 9).

Canam loaded the sheet metal and galvanized tin onto the flatbed truck (*Id.* ¶ 10). Canam and Mercer required that the truck be tarped, and they directed Adamson to cover the loaded flatbed truck with a tarp (*Id.* ¶¶ 13-14). This requirement was reflected in the Bill of Lading, attached to the Complaint as Exhibit A (*Id.* ¶13). Under "Directions," the Bill of Lading states "**TARP LOAD**" (Compl. Ex. A).[2]

Weather conditions at the Canam plant at the time of the loading were "hazardous," with high winds and rain (Compl. ¶ 15). Due to these conditions, Adamson asked to place the tarp over the load while the vehicle was located in Canam's indoor loading dock (*Id.* ¶ 16). Canam denied the request (*Id.*). Adamson also asked Canam for permission to use an available forklift to place the tarp over the load, but was denied the use of a forklift or other mechanical assistance in covering the flatbed truck with tarp (*Id.* ¶¶ 18, 25).

---

[2] Because a copy of the Bill of Lading is referred to and attached as an exhibit to the Complaint, we consider the document as part of the pleading for the purposes of the motion to dismiss. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (holding that it was within the district court's discretion to consider, on a motion to dismiss, documents to which the complaint referred that were concededly authentic and central to the plaintiff's claim).

2

Adamson was not permitted to stage the flatbed truck in the loading bay until the rain and high winds stopped (*Id.* ¶ 17). He was ordered to tarp the truck outside in the wind and rain (*Id.* ¶ 16). "At the direction of Canam," Adamson moved his truck outdoors and "following orders of Canam and Mercer, Adamson climbed on top of the truck to place the tarp manually" over the load in the hazardous weather (Id. ¶¶ 26, 28). While placing the tarp, "the wind caught the tarp and blew Adamson off the top of the truck and onto the ground" (Id. ¶ 29). He landed on his arm and head and incurred "serious and painful permanent injuries, including a fracture of the radius, a cervical fracture at C 1-2, a fracture of the frontal bone, a facial bone fracture, and other traumatic injuries" (*Id.* ¶ 29). As a result of these injuries, Adamson has been forced to undergo multiple surgeries, therapy and other medical treatment, and has "suffered permanent disability" (*Id.* ¶¶ 30-31).

Plaintiff alleges that based on the wind, rain and failure to provide a forklift, it was reasonably foreseeable that he could fall and be injured when tarping the load outside while exposed to the hazardous weather elements (*Id.* ¶¶ 22-23). He contends that Canam "knew, or should have known," that when Canam and Mercer "ordered the cargo be covered by tarp without proper equipment in hazardous weather or a safe place to tarp, Adamson would be forced to manually cover the cargo with the tarp outdoors in the wind and rain" (*Id.* ¶ 27). Adamson further alleges that Canam owed Adamson a duty of reasonable care to provide a safe area and mechanical assistance to tarp the load (*Id.* ¶ 34). Canam moves to dismiss the negligence claim against it on the ground that Adamson fails to allege a sufficient factual predicate to establish the existence of a legal duty on the part of Canam (Canam Mot. to Dismiss, at 1).

## II.

"'The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits.'" *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (*citation omitted*). "In reviewing the sufficiency of a complaint, we must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012); *see also, Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 810 (7th Cir. 2016) (reviewing *de novo* grant of Rule 12(b)(6) motion to dismiss, "accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff").

To determine if plaintiffs' allegations are sufficient to state a claim, we must determine if they both give the defendants notice of the claims to which they must respond and make the asserted claims "plausible on [their] face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Agnew*, 683 F.3d at 334 ("The Federal Rules of Civil Procedure require only that a complaint provide the defendant with 'fair notice of what the ... claim is and the grounds upon which it rests'"). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Arnett v. Webster*, 658 F.3d 742, 752 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The "complaint must contain 'enough fact to raise a reasonable expectation that discovery will reveal evidence' to support [his] claim." *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 280 (7th Cir. 2016) (quoting *Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

4

of action will not do." *Bell v. City of Country Club Hills*, 841 F.3d 713 (7th Cir. 2016) (quoting *Twombly*, 550 U.S. at 555 (citations and internal alterations omitted)). "Nevertheless, even with the heightened pleading requirements of *Iqbal* and *Twombly*, the pleading requirements to survive a challenge to a motion to dismiss remain low." *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 589 (7th Cir. 2016).

## II.

As a federal court sitting in diversity, we apply state substantive law while using federal procedural rules. *Goesel v. Boley Inter. (H.K.) Ltd.*, 806 F.3d 414, 419 (7th Cir. 2015). Canam asserts (Canam Memo. at 4 n.2), and Plaintiff does not dispute, that Illinois substantive law applies here. Under Illinois law, "[t]o state a cause of action for negligence, a complaint must allege facts that establish the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Simpkins v. CSX Transp., Inc.*, 965 N.E.2d 1092, 1096 (Ill. 2012) *(citation omitted)*.

Canam argues Count I should be dismissed "because Plaintiff merely asserts conclusory allegations as to the existence of a duty—contractually or otherwise – on the part of Canam to assist Plaintiff with tarping his flatbed truck" (Canam Memo. at 3).[3] Canam also argues Adamson cannot rely on the Occupational Safety and Health Act of 1970 ("OSHA") safety laws

---

[3] Arguing it had no contractual duty of care based on its contractual obligation to load the steel on the flatbed truck, Canam cites *Smith v. MHI Injection Molding Mach., Inc.*, No. 10 C 8276, 2014 WL 1516592 (N.D. Ill. April 18, 2014), representing that on summary judgment, the *Smith* court found that the contractual term "loading" did not include a tarping obligation (Canam Memo. at 7 n. 4). The Court disagrees with Canam's portrayal of this opinion. First, the *Smith* court was addressing a Rule 16 motion, not a motion for summary judgment. *Smith*, 2014 WL 1516592, at *1. Second, and more importantly, the court did not find that the contract failed to create a duty to assist in tarping the load. The *Smith* court stated that the parties submitted conflicting evidence whether "loading" includes tarping "within the custom and usages of the warehousing, trucking and transportation industries." *Id.* at *4. Accordingly, the court held this evidence raised "doubts as to the meaning of 'loading' and therefore the scope" of the defendant's duties, creating a genuine issue of fact that precluded ruling in the plaintiff's favor as to any contractual duty of assistance in tarping the load. *Id.* The court expressly stated that its "conclusion does *not* equate to a ruling in the other direction (that is, nothing said here dictates that defendants must prevail as a matter of law either)." *Id.* at *8 *(emphasis in original)*.

to establish the existence of a duty of care.[4] In his response, Adamson relies solely on Canam's common law duty of care and does not address or argue that Canam had a contractual duty of care or a duty arising from OSHA safety laws. Therefore, the Court will consider only the issue of whether under the facts set forth in the Complaint; Plaintiff sufficiently alleges that Canam had a common law duty of care with respect to Adamson.[5]

Whether a duty of care is owed in a particular case is a question of law. *Swearingen v. Momentive Specialty Chem., Inc.*, 662 F.3d 969, 972 (7th Cir. 2011); *Simpkins*, 965 N.E.2d at 1096. "While there is no general common law duty to protect or rescue a stranger, such a duty may arise 'if a course of action creates a foreseeable risk of injury.'" *Smith v. MHI Injection Molding Machinery, Inc.*, No. 10 C 8276, 2014 WL 1516592, at *4 (N.D. Ill. April 18, 2014) (quoting *Simpkins*, 965 N.E.2d at 1097). "[T]he touchstone to determine the existence of a duty is 'to ask whether a plaintiff and a defendant stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff.'" *Vesely v. Armslist LLC*, 762 F.3d 661, 665 (7th Cir. 2014) (quoting *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1057 (Ill. 2006)). To determine whether a relationship is sufficient to establish a common law duty of care, courts are to weigh the following four factors: "(1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant." *Simpkins*, 965 N.E.2d at 1098. While factors one and two overlap, as do factors three and four, the Court will address each of the factors individually.

---

[4] In Count I, Adamson alleges Canam was guilty of one or more of twelve different acts of negligence which proximately caused Adamson's injuries, including Canam "[f]ailed to follow and enforce safety and industry standards including the Occupational Safety and Health Act of 1970" (Compl. ¶ 35(j)).

[5] Plaintiff argues that Canam's common law duty is "inferred and supplemented by contractual responsibilities" (Pl.'s Resp. at 10). We do not read this as a claim that the contract, independent of common law, created a duty on the part of Canam to Adamson.

6

## A.

In considering the reasonable foreseeability of the injury, the Court must determine "whether the injury was reasonably foreseeable at the time defendant engaged in the allegedly negligent action." *Simpkins*, 965 N.E.2d at 1098. Canam argues that it was not reasonably foreseeable to it that Plaintiff would take it upon himself to tarp the truck manually. It further argues that none of the alleged facts suggest that: (1) the truck needed to be tarped right away; (2) Plaintiff did not have the option of waiting to tarp the load until the alleged hazardous weather conditions subsided; or, (3) Plaintiff had no reasonable option other than to climb onto the truck to tarp the load. The Court disagrees.

Both parties cite and discuss *Smith v. MHI Injection Molding Machinery, Inc.*, 972 F.Supp.2d 1049 (N.D. Ill. 2013), in which the court denied a motion to dismiss a truck driver's personal injury claims arising from tarping a truck. In *Smith*, the plaintiff truck driver asserted negligence claims against Casini Warehousing Corp. ("Casini"), a warehouse operator that provided warehousing services, MHI Injection Molding Machinery, Inc., and Mitsubishi Heavy Industries America, Inc. (collectively, "Mitsubishi") machinery manufacturers. The complaint alleged personal injuries incurred when the driver slipped and fell while trying to drape a tarp over machinery loaded onto his truck. Casini and Mitsubishi entered into an agreement under which Mitsubishi leased storage space and paid Casini to load and unload the machinery. *Id.* at 1051. Mitsubishi contracted to sell a molding machine located at the Casini Warehouse, and Smith's employer assigned him to pick it up and deliver it to Mitsubishi's customer. *Id.* Casini's employees placed the machine on the trailer using an overhead crane and then draped a thin plastic sheet over the machine. *Id.* The complaint alleged that a tarp had to be placed over the plastic draping for several reasons: (1) absent the tarp, the machine would be at risk of rust and

7

damage; (2) without the tarp, the unsecured plastic sheeting would render transportation via truck dangerous; and, (3) Mitsubishi's bills of lading always contained a directive that "LOAD MUST BE FULLY TARPED" or "MACHINE AND PARTS MUST BE FULLY TARPED." *Id.*

Smith requested that the tarp be draped using the overhead crane. His request was denied so he was "forced to attempt to fend for himself." *Id.* at 1052. Another driver at the facility offered to help him. Both men were unaware that the plastic sheeting or the machine surface or both were oily and slick, while the Casini and Mitsubishi personnel were aware of that situation. Smith alleged that is was plainly foreseeable to Casini and Mitsubishi that in light of their refusal to employ the crane to drape the tarp coupled with the established need for tarping, that Smith had no reasonable option other than to climb onto the machine in an attempt to accomplish the task. *Id.* Smith slipped, lost his footing, and fell to the concrete floor below, sustaining serious and permanent injuries. *Id.* Applying the Illinois standard for finding a common law duty in negligence actions to the facts before it, the *Smith* court denied the defendants' motions to dismiss the complaint. *Id.* at 1053-1055.

Finding "[n]o time at all need be spent" on the reasonably foreseeable factor, the *Smith* court held: "[o]n the Complaint's allegations as outlined in this opinion, the serious consequence suffered by Smith in attempting the task that he was forced to undertake because of the absence of assistance that should readily have been made available to him might be said to come closer to inevitability rather than mere foreseeability." *Id.* at 1053. Likewise, while there was no slick plastic covering the load Canam placed on Adamson's truck, the Court finds that the allegations in the Complaint allege sufficient facts that if proven would support that Plaintiff's injuries suffered while attempting to tarp the load in the weather conditions that are alleged were reasonably foreseeable to Canam.

8

Adamson alleges that there were hazardous weather conditions with rain and wind during the relevant time period, and that Canam and Mercer required him to cover the flatbed loaded with sheet metal and galvanized tin with a tarp "to protect the cargo and for safety in transit" (Compl. ¶¶ 12, 15).[6] Canam denied Adamson's requests to perform the tarping operation "in the available Canam indoor loading dock," denied him the use of a forklift, and he was not permitted to stage the flatbed truck in the bay until the rain and high winds stopped (*Id.* ¶¶ 16, 17). Adamson "was ordered to tarp the truck outside ... and exposed to the hazardous elements of wind and rain," and that at Canam's direction, he moved his truck outdoors, and climbed onto the flatbed truck to tarp the load in hazardous weather (*Id.* ¶¶ 16, 26). Adamson further alleges that Canam failed to follow its own safety rules (*Id.* ¶ 35(l)). The Court finds these allegations sufficiently allege foreseeability, and provide Canam with notice upon which Adamson's claim is based. *See, Erickson v. Pardus*, 551 U.S. 89, 92 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which its rests").

**B.**

Canam's arguments attacking the likelihood of the injury factor fare no better. Similar to its argument under the foreseeability factor, Canam argues that even accepting as true the facts alleged in the Complaint, Plaintiff does not allege facts supporting his allegation that Canam

---

[6] The Court declines Canam's request to take judicial notice of the weather conditions on October 23, 2015 during the relevant time period based on a printout Canam attached to its' brief from an unnamed website listing data from Dalzell, Illinois. Canam states Dalzell is located 3.22 miles from Peru, Illinois. Generally, a court may take judicial notice of "facts of 'common knowledge' in ruling on a motion to dismiss." *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977). Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." We disagrees that the weather conditions at Canam's plant site at the time Adamson was tarping the load is not subject to dispute, or that the weather conditions in Dalzell, Illinois were not potentially different from those in Peru. Therefore, for purposes of this motion to dismiss, the Court accepts as true Adamson's pleading that it was raining and there were high winds at the time he tarped the truck. *See Gibson*, 910 F.2d at 1520 (motions to dismiss test the sufficiency of the complaint, not the merits of the alleged facts).

knew or should have known that Plaintiff would undertake tarping his truck by himself in the hazardous weather conditions. Canam asserts it had no control over Adamson's decision of where and when to tarp and secure his load (*Id.*).

As set forth above, Adamson alleges Canam required and directed Adamson to cover the loaded flatbed truck with a tarp (Compl. ¶¶ 13, 14). The weather conditions were hazardous at the subject time with rain and high winds (*Id.* p 15). Canam denied Adamson's request to tarp in Canam's available indoor loading dock, did not allow him to stage the truck in the loading bay until the rain and high winds stopped, and ordered him to tarp the truck outside (*Id.* ¶¶ 16, 17). Canam denied Adamson's request to tarp the flatbed truck in the protected loading bay or a designated tarping area "despite requests that tarping be done in an area clear of the adverse weather conditions" (*Id.* ¶ 24). Following Canam and Mercer's orders, Adamson climbed on top of the truck to place the tarp manually (*Id.* ¶ 28). While placing the tarp the wind caught the tarp and blew Adamson off the truck onto the ground where he landed with such force as to inflict serous and painful permanent injuries (*Id.*). Since Plaintiff has sufficiently alleged it was foreseeable he would engage in a risky maneuver in the circumstances alleged, we likewise find he has alleged a likelihood of injury from that maneuver.[7]

### C.

We begin discussion of the magnitude of the burden of guarding against the injury factor by noting that the "fundamental principle" underlying the third and fourth factors relevant to

---

[7] The Court notes that while Canam's argument that Plaintiff has not alleged facts suggesting that the truck needed to be tarped right away, that Plaintiff lacked the option of waiting until the alleged hazardous weather conditions subsided, and that Plaintiff had no reasonable option other than to climb onto the truck to tarp the load does not warrant dismissal of his negligence claim, proof of such facts after discovery may reflect on the degree - - if any - - of Adamson's comparative fault. *See, Flath v. Madison Metal Services, Inc.*, 570 N.E.2d 1218, 1222 (Ill. App. Ct. 1991) (affirming jury verdict in favor of truck driver's negligence claim against owner of premises where accident occurred who was injured while securing load of steel on flatbed truck: "That plaintiff [truck driver] might have been able to secure his load from the ground on the passenger side of the trailer, or by driving the truck forward out of the building, may reflect on the degree of plaintiff's comparative fault, but does not make the obstruction any less dangerous").

determining whether a relationship is sufficient to establish a common law duty of care: that, "'[a]s a matter of public policy, it is best to place the duty to protect against a harm on the party best able to prevent it.'" *Smith*, 972 F.Supp.2d at 1054 (quoting *Simpkins v. CSX Corp.*, 929 N.E.2d 1257, 1262 (Ill. App. Ct. 5th Dist. 2010). Canam recognizes this principle in its brief, but argues that Adamson was in the best position to prevent his injuries as he has not alleged facts "suggest[ing] that he needed to complete the tarping during heavy winds, rather than waiting until conditions were safer" (Canam's Memo., at 12).

In the Complaint Adamson alleges that Canam and Mercer required that the sheet metal and galvanized tin loaded on the truck be tarped, and that this was required to "protect the cargo and for safety in transit" (Compl. ¶¶ 12-13). Adamson's request to perform the tarping operation "in the available Canam indoor loading dock" was denied, and he was not permitted to stage the flatbed truck in the bay until the rain and high winds stopped (*Id.* ¶¶ 16, 17). He further alleges that he "was ordered to tarp the truck outside … exposed to the hazardous elements of wind and rain," and that at Canam's direction, he moved his truck outdoors, and climbed onto the flatbed truck to tarp the load in hazardous weather (*Id.* ¶¶ 16, 26).

These allegations -- in conjunction with the fact that the Bill of Lading sets forth a deadline for delivery and it is unclear how long the weather conditions would last -- are sufficient to allow the Court, for purposes of the motion to dismiss, to reasonably infer that Adamson needed to complete the tarping process after he was ordered to tarp the load and leave Canam's indoor loading dock, in order to protect the sheet metal and tin. *Barnett*, 658 F.3d at 752. Defendant offers no argument as to the magnitude of the burden that would have been imposed by Plaintiff's request that Canam denied -- a matter that the parties will have an

11

opportunity to explore during discovery. Plaintiff has sufficiently alleged facts to show the magnitude of burden factor weighs in favor of recognizing a duty on the part of Canam.

### D.

Finally, the Court finds no merit with Canam's argument that Plaintiff failed to allege sufficient facts to meet the final factor considering the consequences of placing the burden of guarding against the injury on the defendant. Canam argues that imposing a burden of the duty to protect under these circumstances would require it to employ persons solely for the purpose of ensuring that third-party truck drivers did not unreasonably endanger themselves in loading and operation of their own trucks (Canam Memo., at 12). In its First Amended Complaint Adamson alleges that Canam loaded the flatbed truck with the sheet metal and tin (Compl. ¶ 10). It is reasonable to infer that these same employees would be present during the time Adamson would have taken to tarp the load, and that no extra Canam employees would have been necessary to allow Adamson to leave the unprotected load in the indoor loading dock until the hazardous weather subsided.

As in *Smith*, "this case has nothing whatever to do with requiring either defendant to hire additional personnel or to acquire additional facilities ... [i]nstead the issue is whether [the defendant] could arbitrarily refuse" Adamson's request to tarp in the existing available space or use existing equipment. *Smith*, 972 F.Supp.2d at 1054. Looking solely to the allegations in the Complaint, it does not appear that placing the burden on Canam to allow truckers to tarp loads in the indoor loading dock or tarping area would be an unwieldy burden. *See Stemen v. Avon Products, Inc.*, 599 N.E.2d 1140, 1142-1143 (Ill. App. Ct. 1992) (balancing risk of harm to truck driver against burden on owner of truck trailer lot, holding although the likelihood of the injury was small, record did not show any untoward consequences of imposing a duty to keep trailers in

a manner which allowed drivers to latch the doors open for inspection prior to moving them: "Where the burden of protecting against an injury is slight, even a remote danger of an accident of a sort which has never occurred before may be unreasonable.").

Again, the discovery process will afford Canam ample opportunity to develop evidence on the burden issue. However, the present state of the record does not afford a basis for the Court to decide that question on a motion to dismiss.

## CONCLUSION

In light of the foregoing, we deny defendant Canam Steel Corp.'s motion to dismiss Count I of Arthur Adamson's First Amended Complaint (doc. # 17). Canam shall answer the Complaint by January 6, 2017.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

DATE: December 12, 2016